(PS) Fallon v. United States Government	Doc. 3

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID FALLON,

      Plaintiff,                CIV S-06-1222 GEB KJM PS

    vs.

UNITED STATES OF AMERICA,

      Defendant.            <u>ORDER</u>

_____/

      Plaintiff is proceeding in this action pro se. Plaintiff seeks relief under and has requested authority under 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302(c)(21).

      Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

      The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

/////

Dockets.Justia.com

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
2  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
3  (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an
4  indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
5  490 U.S. at 327.

6    A complaint, or portion thereof, should only be dismissed for failure to state a
7  claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
8  of facts in support of the claim or claims that would entitle him to relief. Hishon v. King &
9  Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer
10 v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a
11 complaint under this standard, the court must accept as true the allegations of the complaint in
12 question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the
13 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,
14 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

15   The court finds the allegations in plaintiff's complaint so vague and conclusory
16 that it is unable to determine whether the current action is frivolous or fails to state a claim for
17 relief. The court has determined that the complaint does not contain a short and plain statement
18 as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading
19 policy, a complaint must give fair notice and state the elements of the claim plainly and
20 succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff
21 must allege with at least some degree of particularity overt acts which defendants engaged in that
22 support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed.
23 R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file
24 an amended complaint.

25   If plaintiff chooses to amend the complaint, plaintiff must set forth the
26 jurisdictional grounds upon which the court's jurisdiction depends. Federal Rule of Civil

Procedure 8(a). Further, plaintiff must demonstrate how the conduct complained of has resulted in a deprivation of plaintiff's federal rights. See <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis is granted;

2. Plaintiff's complaint is dismissed; and

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED: June 12, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

006
fallon1222.ifp-lta

3